**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0323-WJM-MJW

AURORA COMMERCIAL CORP.,

     Plaintiff,

v.

LENOX FINANCIAL MORTGAGE CORPORATION,

     Defendant.

_____

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
AND GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**
_____

     Plaintiff Aurora Commercial Corp. ("Plaintiff") has brought this diversity action alleging claims for breach of contract and breach of warranty against Defendant Lenox Financial Mortgage Corporation ("Defendant").  (ECF No. 12.)  Before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Motion to Dismiss") or, in the alternative, Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the District Court for the Eastern District of California ("Motion to Transfer").  (ECF No. 15.)  For the reasons set forth below, Defendant's Motion to Dismiss is denied, and its Motion to Transfer is granted.

**I.  BACKGROUND**

     Plaintiff filed its Complaint on February 6, 2013 (ECF No. 1), and an Amended Complaint on March 14, 2013 (ECF No. 12).  Plaintiff seeks damages for breach of contract and breach of warranty arising out of Plaintiff's purchase of a mortgage loan from Defendant, alleging that the application for the home loan known as "Loan

****3253" contained material misrepresentations of the borrower's income and employment in breach of the loan purchase agreement. (ECF No. 12 at 5-9.)

On March 20, 2013, Defendant filed the instant Motion to Dismiss or, in the alternative, to Transfer Venue under 28 U.S.C. § 1404(a). (ECF No. 15.) Plaintiff filed a Response on April 10, 2013 (ECF No. 24), and Defendant filed its Reply on April 24, 2013 (ECF No. 25). The Court will consider each aspect of Defendant's Motion in turn.

## II. MOTION TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12(b)(3) is to test whether venue is proper in the plaintiff's chosen forum. In a civil action, venue is proper in:

> (1) a judicial district where any defendant resides . . . ; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The state of citizenship of a corporation may not be its sole residence. "For all venue purposes . . . [a corporation] shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2). Where personal jurisdiction is in question, the plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).

Defendant's Motion to Dismiss first argues that venue is improper in this District because Defendant is a resident of California, not Colorado. (ECF No. 15 at 3-4.)

2

Plaintiff responds that Defendant is a resident of Colorado for purposes of venue, because it is subject to this Court's personal jurisdiction based on the fact that it is registered to do business in Colorado and maintains a registered agent here.  (ECF No. 24 at 2-3.)

While Defendant does not concede personal jurisdiction, Defendant raises no argument contesting Plaintiff's jurisdictional allegations.  (*See* ECF No. 25 at 2.)  In Colorado, the personal jurisdiction analysis need only address the constitutional question of whether the exercise of personal jurisdiction comports with due process because the state's long arm statute is broadly written.  *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  To defeat a motion to dismiss, "the plaintiff need only make a *prima facie* showing" of personal jurisdiction by alleging facts that, if true, would support the exercise of jurisdiction.  *Behagen*, 744 F.2d at 733.

Such a showing is made when Plaintiff alleges that the cause of action "arises out of" the forum-related actions of a defendant that "purposefully avails itself of the privilege of conducting activities within the forum state."  *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995).

Plaintiff has made uncontested allegations that this case arises out of a contract between Defendant and Plaintiff, a forum state resident, that Defendant has done business in Colorado for many years, and that as an entity registered to do business here since 1999, with a registered agent here, Defendant has purposely availed itself of the benefits of doing business in Colorado.  (ECF No. 24 at 3; *see* ECF No. 25 at 2 (failing to contest such allegations).)  The Court finds that this constitutes a *prima facie*

3

showing of personal jurisdiction over Defendant.  Accordingly, pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2), venue is proper in this District because Defendant is deemed to "reside" in any district having personal jurisdiction over it.

Because the Court finds that venue is proper under 28 U.S.C. § 1391(b)(1), the Court need not discuss Plaintiff's alternative argument under § 1391(b)(2).  As venue is proper, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3) must be denied.

### III.  MOTION TO TRANSFER VENUE

Foreseeing the possibility that the Court would likely deny its Motion to Dismiss, Defendant moves in the alternative for the Court to transfer this case to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).  (*Id.* at 4-6.)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The party seeking to transfer a case bears the burden of establishing that the existing forum is inconvenient.  *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  In ruling on a motion to transfer venue, district courts must assess two issues: (1) whether the case might have been brought in the proposed transferee district, and (2) whether the "competing equities" weigh in favor of adjudicating the case in that district.  *See Hustler Magazine, Inc. v. U.S. Dist. Court for the Dist. of Wyo.*, 790 F.2d 69, 71 (10th Cir. 1986); *Chrysler Credit Corp.*, 928 F.2d at 1516 (defining the "competing equities").  The decision to transfer venue lies in the sole discretion of the district court and should be based on an "individualized, case-by-case consideration of convenience and fairness."

4

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

**A.    This Case Might Have Been Brought in the Eastern District of California**

Plaintiff does not dispute that this case might have been brought in the Eastern District of California.  (*See* ECF No. 24 at 3-5.)  Defendant is a California corporation, and the loan out of which this case arises, Loan ****3253, was issued for property located in the Eastern District of California.  (ECF No. 15 at 2); *see* 28 U.S.C. § 84(b).  As Plaintiff does not contend that venue is improper in the transferee district, and the challenged actions here have a connection to that district, the Court finds that this case might have been brought in the Eastern District of California.  *See* 28 U.S.C. § 1391(b)(2).

**B.    The "Competing Equities" Factors**

As defined in Tenth Circuit case law, the competing equities that must be weighed in a motion to transfer venue under 28 U.S.C. § 1404(a) include the following factors:

> (1) plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).  The Court will discuss each applicable factor below.

1.    Plaintiff's Choice of Forum

Plaintiff argues that its choice of this forum should be given considerable weight. (ECF No. 24 at 4.)  "Unless the balance is strongly in the favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed" by the court.  *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).  This factor weighs most heavily against transfer when the plaintiff files suit in his home forum.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

Plaintiff is a Colorado corporation, and has filed suit in its home forum.  (ECF No. 12 at 2.)  Accordingly, Plaintiff's choice of forum weighs against transfer, and the other factors must strongly favor transfer in order to disturb Plaintiff's choice to litigate in Colorado.  *See Scheidt*, 956 F.2d at 965.

2.    Witnesses and Sources of Proof

Although a plaintiff's choice of forum is entitled to considerable weight, the Tenth Circuit has held that "[t]he convenience of witnesses is the most important factor in deciding a motion [to transfer venue] under § 1404(a)."  *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).  "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such

6

witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Id.* (quoting *Scheidt*, 956 F.2d at 966) (brackets and internal quotation marks omitted).

Defendant argues that this factor weighs strongly in favor of transfer because Plaintiff's claim arises out of alleged misrepresentations in the borrower's application for Loan ****3253, and witnesses to the truth or falsity of the statements in the application are located in the Eastern District of California. (ECF No. 15 at 6.) Defendant specifically names the borrower, his employer, and Defendant's employees involved in issuing Loan ****3253, all of whom are located in the transferee district. (*Id.*)

Plaintiff does not contest that witnesses are located in California, but instead argues that if the case remains in Colorado, any inconvenience arising out of their location in California would fall on Plaintiff, traveling to California to depose such witnesses, rather than on Defendant. (ECF No. 5.) This argument ignores the purpose of this factor in the convenience analysis: it is not the parties' inconvenience, or that of the parties' attorneys, but rather the *witnesses'* inconvenience that is weighed in this factor. *See Employers Mut. Cas. Co.*, 618 F.3d at 1169. Plaintiff makes no argument that the witnesses would not be seriously inconvenienced by being required to travel to Colorado for trial.

The Court notes that Defendant's Motion has not discussed in detail "that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary" in order to obtain the testimony of such witnesses at trial. *See id.* However, given the distance between California and Colorado, the Court notes that

witnesses resident in California could not be compelled to travel to Colorado for a trial. The impact the non-presence of the primary fact witnesses would have on a trial, should both parties be required to rely solely on their deposition testimony, would be immeasurable.

Thus, Defendant has shown that, because of the factual basis of Plaintiff's claims, the relevant witnesses are all located in California, and would all be required to travel to Colorado for trial if transfer is not granted.  Plaintiff has not contested the identity or location of these witnesses, or the potential significant inconvenience to them.  Accordingly, the Court finds that this second factor—the most important factor—weighs strongly in favor of transfer.

3.   The Cost of Making the Necessary Proof

As discussed above, Defendant argues that the witnesses and sources of proof are all located in California, either near the location of the subject property or at Defendant's place of business.  (ECF No. 15 at 5-6.)  Accordingly, Defendant contends that the cost of requiring the witnesses to travel to Colorado for trial would be significant.  (*Id.* at 6.)  Plaintiff does not respond to the contention that such travel would be costly, except to state that the witness depositions would occur in California, and such deposition testimony is admissible in dispositive motions and trial.  (ECF No. 24 at 5.)

The costs Defendant cites, though significant, would only occur in the event that the case proceeds to trial and the witnesses are all called to testify.  Furthermore, the majority of the information located at Defendant's place of business can be sent electronically.  Nevertheless, for the purposes of weighing the competing equities, the

8

Court cannot assume that one of the parties' dispositive motions will succeed or that the witnesses' travel will otherwise be unnecessary.  Furthermore, even if such witnesses testified solely by deposition, the Court notes that witness depositions intended to be used at trial are often videotaped, adding to their cost.  Therefore, the Court finds that the cost of making the necessary proof weighs in favor of transfer.

4.      Local Courts Determining Questions of Local Law

The eighth factor favors a local forum to decide questions of local laws.  The contract allegedly breached in this case has a New York governing law provision, making neither forum more or less adequate for the resolution of those issues.  (*See* ECF No. 12 ¶ 30.)  Defendant notes that it is possible that California law may apply if issues arise regarding Loan ****3253 itself, which was made to a California borrower for property in California.  (ECF No. 15 at 6.)  Regardless, there is no indication that any Colorado law is implicated here.  Thus, the factor regarding local laws weighs slightly in favor of transfer.

5.      All Other Factors and Considerations

The remaining factors, largely ignored by both parties here, are either irrelevant or neutral in this case.  (*See* ECF No. 15 at 6; ECF No. 24 at 5.)  There is nothing in the record to suggest that a judgment will be more or less enforceable by either District, that the parties litigating in either forum will have difficulties with obtaining a fair or expedient trial, or that any conflicts of law or practical questions are likely to arise here. *See Hustler Magazine*, 790 F.2d at 71.  Therefore, the Court finds no other particular advantages or disadvantages of either forum that weigh for or against transfer.

In sum, when considering the "competing equities," only the first factor, Plaintiff's choice of forum, weighs against transfer.  The second factor, convenience of witnesses, weighs strongly in favor of transfer, and the third and eighth factors, cost of proof and local laws, weigh in favor of transfer.  The remaining factors weigh neither for nor against transfer.  Although Plaintiff's choice of forum requires Defendant to establish that the other factors weigh strongly in favor of transfer in order to show that the existing forum is inconvenient, the Court finds that Defendant has met that burden, particularly given that the convenience of witnesses, the "most important" factor, strongly favors transfer.  As such, Defendant has established that the existing forum is inconvenient, and as a consequence this case should be transferred to the Eastern District of California.  *See Chrysler Credit Corp.*, 928 F.2d at 1515.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.     Defendant's Motion (ECF No. 15) is GRANTED IN PART and DENIED IN PART;

2.     Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3) is DENIED; and

3.     Defendant's Motion to Transfer Venue is GRANTED.  This case shall be transferred to the Eastern District of California.

Dated this 16th day of September, 2013.

BY THE COURT:

William J. Martinez
United States District Judge